UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

Jenifer L. Mendoza,
and other similarly situated individuals,

    Plaintiff (s)

v.

Manymar Corporation,
d/b/a Quality Print Center,
Manuel D. Hidalgo Jr.,
and Manuel D. Hidalgo Sr.,
individually,

    Defendants,
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff Jenifer L. Mendoza, by and through the undersigned counsel, and hereby sues Defendants Manymar Corporation, d/b/a Quality Print Center, Manuel D. Hidalgo Jr., and Manuel D. Hidalgo Sr., individually, and alleges:

1. This is an action to recover money damages for unpaid half-time overtime wages under the United States laws. Accordingly, this Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act," (Section 216 for jurisdictional placement).

2. Plaintiff Jenifer L. Mendoza is a resident of Miami-Dade County, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Quality Print Center Defendant Manymar Corporation, d/b/a Quality Print Center (hereinafter Quality Print Center, or Defendant) is a Florida corporation doing business in Miami, Florida,

within the jurisdiction of this Court. At all times, Defendant was and is engaged in interstate commerce. Defendant Quality Print Center is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]

3. Individual Defendants Manuel D. Hidalgo Jr., and Manuel D. Hidalgo Sr. are the owners/partners/officers and managers of Defendant Corporation Quality Print Center. These individual Defendants are the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

4. All the actions raised in this Complaint took place in Miami-Dade County, Florida, within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

5. Plaintiff brings this cause of action as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "Act") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked more than forty (40) hours during one or more weeks on or after April 2020 (the "material time"), without being compensated overtime wages pursuant to the FLSA.

6. Defendant Quality Print Center is a printing and marketing company providing its services to commercial accounts and to the general public. Defendants have facilities located at 11865 SW 26 ST, Unit C40, Miami, Florida 33175, where Plaintiff worked.

7. Defendants Quality Print Center, Manuel D. Hidalgo Jr., and Manuel D. Hidalgo Sr. employed Plaintiff Jenifer L. Mendoza as a non-exempted, full-time, employee from

approximately April 13, 2020, to February 14, 2022, or 96 weeks. However, for FLSA purposes, Plaintiff's relevant time of employment is 90 weeks. Plaintiff did not work from approximately November 19, 2021, to January 05, 2022, or 6 weeks.

8. Plaintiff was hired as a customer service and office clerk employee. Plaintiff was paid a weekly of salary of $680.00 with check, plus $100.00 in cash, resulting in a regular rate of $16.96 an hour. Plaintiff's overtime rate should be $25.44 an hour.

9. During the relevant time of employment, Plaintiff had a regular schedule, she worked 6 days per week. From Monday to Friday Plaintiff worked from 8:00 AM to 4:00 PM (8 hours daily), on Saturdays Plaintiff worked from 9:00 AM to 3:00 PM (6 hours). Plaintiff worked a total of 46 hours weekly. Plaintiff was not able to take bonafide lunchtime.

10. Plaintiff worked more than 40 hours weekly, but Defendants did not compensate her for overtime hours adequately. Plaintiff was paid for overtime hours at her regular rate.

11. Plaintiff did not clock in and out, but Defendants could track the hours worked by Plaintiff and other similarly situated individuals.

12. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

13. Plaintiff was paid weekly with checks and paystubs that did not reflect the real number of days and hours worked.

14. On or about February 14, 2022, Defendants fired Plaintiff due to discriminatory reasons. Plaintiff is in the process of filing her Charge of Discrimination with the USA Equal Employment Opportunity Commission (EEOC).

15. Plaintiff seeks to recover overtime hours, liquidated damages, as well as any other relief as allowable by law.

16. Plaintiff Jenifer L. Mendoza has retained the law offices of the undersigned attorney to represent her individually and on behalf of the asserted class in this action and is obligated to pay reasonable attorneys' fees and costs.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

17. Plaintiff Jenifer L. Mendoza re-adopts every factual allegation as stated in paragraphs 1-16 above as if set out in full herein.

18. Defendant Quality Print Center was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a printing company. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

19. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated regularly handled and worked on goods and materials produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

20. Defendants Quality Print Center, Manuel D. Hidalgo Jr., and Manuel D. Hidalgo Sr. employed Plaintiff Jenifer L. Mendoza as a non-exempted, full-time, customer service

employee from April 13, 2020, to February 14, 2022, or 96 weeks. However, for FLSA purposes, Plaintiff's relevant time of employment is 90 weeks. Plaintiff did not work approximately from November 19, 2021, to January 05, 2022, or 6 weeks.

21. Plaintiff was hired as a customer service and office clerk employee. Plaintiff was paid a weekly of salary of $680.00 with check, plus $100.00 in cash, resulting in a regular rate of $16.96 an hour.  Plaintiff's overtime rate should be $25.44 an hour.

22. During the relevant time of employment, Plaintiff had a regular schedule, she worked 6 days per week, a total of 46 hours weekly. Plaintiff was not able to take bonafide lunchtime.

23. Plaintiff worked more than 40 hours weekly, but Defendants did not compensate her for overtime hours, Plaintiff was paid for all her hours but at the regular rate.

24. Plaintiff did not clock in and out, but Defendants could track the hours worked by Plaintiff and other similarly situated individuals.

25. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

26. Plaintiff was paid weekly with checks and paystubs that did not reflect the real number of days and hours worked.

27. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

28. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class upon information and belief. Consequently, Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

29. Defendants never posted any notice to inform employees of their federal rights to overtime and minimum wage payments as required by the Fair Labor Standards Act and Federal Law. Consequently, the Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

30. Plaintiff is not in possession of time and payment records. Still, before the completion of discovery, she will provide a good faith estimate of unpaid overtime wages based on her best knowledge. Later, Plaintiff will adjust her statement of claim as needed.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

       Four Thousand Five Hundred Seventy-Nine Dollars and 20/100 ($4,579.20)

    b. <u>Calculation of such wages</u>:

       Total weeks of employment:  96 weeks
       Total relevant number of weeks: 90 weeks
       Total number of hours worked: 46 hours weekly
       Total number of unpaid O/T hours: 6 O/T hours
       Paid: $780.00 weekly: 46 hours=$16.96 an hour
       Regular rate: $16.96 x 1.5=25.44 O/T rate-$16.96=$8.48 half-time
       Half-time difference: $8.48 an O/T hour

       Half-time difference $8.48 x 6 O/T hours=$50.88 x 90 weeks=$4,579.20

    c. <u>Nature of wages (e.g., overtime or straight time)</u>:

       This amount represents unpaid half-time overtime wages.

31. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay her at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

32. At times mentioned, individual Defendants Manuel D. Hidalgo Jr., and Manuel D. Hidalgo Sr. were the owners/partners, and they directed Quality Print Center's operations. Defendants were the employers of Plaintiff and other similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. These individual Defendants acted directly in the interests of Quality Print Center concerning its employees, including Plaintiff and others similarly situated. Defendants Manuel D. Hidalgo Jr., and Manuel D. Hidalgo Sr. had financial and operational control of the business and provided Plaintiff with her work schedule. They are jointly and severally liable for Plaintiff's damages.

33. Defendants knew and showed a reckless disregard of the Act's provisions concerning the payment of overtime wages as required by the Fair Labor Standards Act. Plaintiff and those similarly situated are entitled to recover double damages.

34. Defendants Quality Print Center, Manuel D. Hidalgo Jr., and Manuel D. Hidalgo willfully and intentionally refused to pay Plaintiff Jenifer L. Mendoza overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

35. Plaintiff seeks to recover unpaid overtime wages accumulated from hiring to her last day of employment.

36. Plaintiff Jenifer L. Mendoza has retained the law offices of the undersigned attorney to represent her in this action and she is obligated to pay reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jenifer L. Mendoza and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Jenifer L. Mendoza and other similarly situated and against the Defendants Quality Print Center, Manuel D. Hidalgo Jr., and Manuel D. Hidalgo Sr. based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff Jenifer L. Mendoza and those similarly situated demand trial by a jury of all issues triable as of right by jury.

Dated:  April 30, 2022,

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*